23961. DUTTON, Warden v. WILLIS.

ARGUED FEBRUARY 14, 1967—DECIDED MARCH 9, 1967.

*Arthur K. Bolton, Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Carter A. Setliff, Assistant Attorney General,* for appellant.

Wallace Willis, *pro se.*

ALMAND, Presiding Justice. Under this appeal we review the trial court's order discharging the appellee from the custody of the appellant, Warden of the Georgia State Prison.

The case as made by the petition for the writ of habeas corpus and the evidence adduced at the hearing is that: on November 5, 1962, in Fulton Superior Court, the appellee pleaded guilty to a charge of burglary and was sentenced to a term of "10 to 20 years, to serve 2 years and balance probated"; subsequently, appellee was placed on probation; in July of 1966 on petition of a probation officer and order of a Judge of Fulton Superior Court, appellee was brought before a judge of that court charged with not reporting to the probation officer, at which time appellee's probation was revoked and he was returned to the state prison to serve the balance of his sentence. Appellee contends that such revocation was void because he was denied legal counsel at the hearing revoking his probation in violation of the Bill of Rights provisions of the federal and state Constitutions.

On the habeas corpus hearing appellee testified he was not represented by an attorney at the revocation hearing though he requested one. The trial judge ordered the appellee's dis-

charge on the ground that he "did not have legal counsel to represent him during the hearing at which his suspended (probated) [sic] sentence was revoked." In so ruling the court erred.

The sixth amendment to the federal Constitution grants to the accused in all criminal cases the assistance of counsel for his defense. Art. I, Sec. I, Par. V of the Georgia Constitution (*Code Ann.* § 2-105) gives to every person charged with any offense against the laws of Georgia the privilege and benefit of counsel.

The Statewide Probation Act of 1956 as amended by the Act of 1966 (Ga. L. 1966, p. 440) provides, "Whenever, within the period of probation, a probation officer believes that a probationer under his supervision has violated his probation in a material respect, he may arrest such probationer without warrant, whenever found, and return him to the court granting such probation, or, if under supervision in a county or judicial circuit other than that of conviction, to a court of equivalent original criminal jurisdiction within the county wherein the probationer resides for purposes of supervision. Any officer authorized by law to issue warrants may issue a warrant for the arrest of the probationer upon affidavit of one having knowledge of the alleged violation, returnable forthwith before the court in which revocation proceedings are being brought. The court, upon the probationer being brought before it, may commit him or release him with or without bail to await further hearing or it may dismiss the charge. If such charge is not dismissed at this time, the court shall give the probationer an opportunity to be fully heard at the earliest possible date on his own behalf, in person or by counsel; . . . After such hearing the court may revoke, modify or continue the probation. If such probation is revoked, the court may order the execution of the sentence originally imposed, or any portion thereof."

The general and accepted rule in the state and federal courts is that a proceeding to revoke a probated sentence of one convicted of a criminal offense is not a criminal proceeding, and the failure of the court to supply him with counsel is not a denial of the right to counsel unless a statute provides for benefit of counsel at such a hearing. The failure to furnish appellee coun-

sel at the hearing to revoke his probation did not violate his right to counsel under either the federal or the state Constitution. The general rule is stated in 21 AmJur2d 536, Criminal Law, § 568, as "although it is said that a hearing on the matter of revoking probation must be held pursuant to established rules of judicial procedure, violation of the conditions of probation not being a criminal offense in itself, a proceeding to revoke probation is not a criminal prosecution, and in the absence of a statutory requirement, a formal trial is not required. In fact, proceedings to revoke probation are often regarded as informal or summary. While the right to counsel has been recognized, this view has not been uniformly followed." "A hearing of this character is not a trial on a criminal charge, but is a hearing to determine judicially whether the conduct of the defendant during the probation period has conformed to the course outlined in the order of probation. If the act which violated the probation should happen to be a criminal one, it does not thereby change the character of the hearing." *Sparks v. State,* 77 Ga. App. 22, 23 (47 SE2d 678). For similar rulings see Jones v. Rivers, 338 F2d 862 (4th Cir.); and Bennett v. United States, 158 F2d 412 (8th Cir.), cert. denied, 331 U. S. 822 (67 SC 1302, 91 LE 1838).

The court erred in discharging the appellee from the custody of the appellant.

*Judgment reversed. All the Justices concur.*