## 27448. REECE v. PETTIJOHN.

GRICE, Presiding Justice. This appeal is from the grant of the appellee's motion to dismiss the appellant's petition for habeas corpus on the ground that it failed to state a claim upon which relief could be granted. The appellant contends that the habeas corpus court erred in ruling that he was not entitled to the assistance of counsel at his probation revocation hearing.

In our view the habeas corpus court was correct in this ruling. This court in *Dutton v. Willis,* 223 Ga. 209 (154 SE2d 221), a full bench decision, held that "The failure to furnish counsel to one convicted of a criminal offense at the hearing to revoke his probation does not violate his right to counsel under the Federal or the State Constitution."

The decision of the Supreme Court of the United States in Mempa v. Rhay, 389 U. S. 128 (88 SC 254, 19 LE2d 336) does not require a different result. There the court was dealing with the right to counsel in a situation where the state law provides for sentencing at the hearing on revocation of probation. Here the appellant was sentenced prior to being placed on probation, at which time he was represented by counsel.

See also in this connection, Shaw v. Henderson, 430 F2d 1116 (5 CCA), which treats this subject fully and reaches the same conclusion that we do.

We find no error in the ruling made here.

*Judgment affirmed. All the Justices concur, except Hawes and Gunter, JJ., who dissent.*

ARGUED SEPTEMBER 12, 1972—DECIDED OCTOBER 10, 1972.

*Patton & Flinn, C. Ronald Patton,* for appellant.

*Earl B. Self, District Attorney, Robert Edward Surles, Ralph Hill,* for appellee.

GUNTER, Justice, dissenting. The majority opinion holds that the appellant was not entitled to the assistance of

counsel at his probation revocation hearing. In so holding the majority relies solely on *Dutton v. Willis,* 223 Ga. 209 (154 SE2d 221) (1967), a full bench decision.[1]

I have read many full bench decisions during the past thirty years that I considered erroneous, but I have never read one during all of that time that I considered more patently erroneous than *Dutton v. Willis.*

That decision quotes the Georgia statute (Ga. L. 1966, p. 440) to the effect that upon a probationer being brought before the court charged with having violated his probation, the court may dismiss the charge or it may order a hearing. The statute quoted in the opinion then says: "If such charge is not dismissed at this time, the court shall give the probationer an opportunity to be fully heard at the earliest possible date on his own behalf, in person *or by counsel.*"

The decision then goes on to quote the general and accepted rule in the state and federal courts to the effect that the failure of the court to supply him (probationer) with counsel is not a denial of the right to counsel *unless a statute provides for the benefit of counsel at such a hearing.*

If this Georgia statute, quoted in that decision, does not provide for *benefit of counsel* at a probation revocation hearing in this state, then I do not know what a statute would have to say in order to provide for "benefit of counsel" at such a hearing.

The decision of the Supreme Court of the United States in Morrissey v. Brewer, 408 U. S. 471 (92 SC 2593, 33

---

[1] My personal attitude toward the so-called full bench rule, facetiously referred to by some members of the Georgia Bar as the "fool bench" rule, is best expressed by D. Meade Feild and Lloyd Sutter in their article in 19 Mercer Law Rev. (1968) where they say at page 368 that they will discuss the origin and nature of the full bench rule "which apparently is not recognized or followed by the federal courts, or the judicial systems of any of the other state courts, or in the courts of any nation on earth which is sufficiently civilized to have a judicial system."

LE2d 484), has established that such a revocation hearing must be held, it must be conducted within a reasonable time after the probationer has been taken into custody, and minimum due process requirements at such a revocation hearing are: "(a) Written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross examine adverse witnesses (unless the hearing officers specifically find good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and, (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking parole." (Quoted from Syllabus).

The Court of Appeals of New York has decided that a parolee has a constitutional right to assistance of counsel at a parole revocation hearing. See Menechino v. Warden, Green Haven State Prison, 27 N. Y. 2d 376 (318 NYS2d 449) (1971).

The United States Court of Appeals for the Second Circuit has held that a parolee was constitutionally entitled to assistance of counsel in a revocation proceeding. See Bey v. Connecticut State Board of Parole, 443 F2d 1079 (1971).

The majority opinion in this case attempts, in a rather weak and indecisive manner, to say that Mempa v. Rhay, 389 U. S. 128, does not require a different result in the case at bar. As I read Mempa, the Supreme Court of the United States held explicitly that counsel must be afforded a defendant at a proceeding to revoke probation. It held that due process requires that a lawyer be afforded whether the proceeding be labeled "a revocation of probation or a deferred sentencing."

I should add that I am of the opinion that one who is charged with having violated the terms and conditions of his probation is charged with an "offense against the laws of Georgia" and is therefore entitled to the benefit of counsel under the Georgia Constitution (*Code Ann.* § 2-105). A

Georgia statute (*Code Ann.* § 27-2711) provides that the court shall determine the terms and conditions of probation and may provide that the probationer shall do or refrain from doing certain things or acts (the statute lists ten by number). By virtue of this statute I am of the opinion that the "terms and conditions" established by the court become rules or laws of the State, and one charged with a violation of the terms and conditions of his probation is charged with an offense against the laws of Georgia.

Finally, a person charged with the violation of the terms and conditions of his probation is accorded the right to a hearing on the matter by a Georgia statute, and he is accorded the right to be heard "in person or by counsel." *Code Ann.* § 27-2713. And as the Supreme Court of the United States said in Powell v. Alabama, 287 U. S. 45 (53 SC 55, 77 LE 158, 84 ALR 527), the right to be heard would be "of little avail if it did not comprehend the right to be heard by counsel." See also Goldberg v. Kelly, 397 U. S. 254 (90 SC 1011, 25 LE2d 287).

In Georgia a person serving a sentence on probation is entitled to be represented by counsel at a probation revocation hearing required by law.

It follows that I would reverse this judgment.

I respectfully dissent.

I am authorized to state that Justice Hawes joins me in this dissent.