## 29513. MERCER v. HOPPER.

PER CURIAM.

The controlling issue for decision in this habeas corpus appeal is whether the defendant was entitled to counsel at his probation revocation hearing.

This case is controlled by *Reece v. Pettijohn,* 229 Ga. 619 (193 SE2d 841), where this court, with two Justices dissenting, held adversely to appellant's contention in this case. There is no right to counsel at a probation revocation hearing in Georgia.

The judgment of the habeas corpus trial court is correct and will be affirmed.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs specially, and Gunter and Ingram JJ., who dissent.*

SUBMITTED DECEMBER 30, 1974 — DECIDED FEBRUARY 4, 1975.

Tommy Lee Mercer, *pro se.*

*Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.

HALL, Justice, concurring specially.

I do not agree with either the majority opinion in *Reece v. Pettijohn,* 229 Ga. 619 (193 SE2d 841) or the dissent therein. The majority opinion in that case held that no person is entitled to counsel at a hearing to revoke probation. The dissent stated that counsel must be afforded at a proceeding to revoke probation. Both premises were rejected by the Supreme Court of the United States in Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656). In rejecting the latter the court said that to hold otherwise "would impose direct costs and serious collateral disadvantages without regard to the need or the likelihood in a particular case for a constructive contribution by counsel." Id., p. 787. The court held: "It is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be

followed in determining when the providing of counsel is necessary to meet the applicable due process requirements. The facts and circumstances in preliminary and final hearings are susceptible of almost infinite variation, and a considerable discretion must be allowed the responsible agency in making the decision. Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself." Id., pp. 790-791.

At the evidentiary hearing on his petition, Mercer testified that at his probation revocation hearing (which followed not one but two post-conviction arrests for drunkenness) a law officer testified that at the time of Mercer's arrest he (the officer) requested a blood test at a hospital but was told the hospital lacked facilities to make the test; but he did smell liquor on Mercer's breath. Mercer then testified that when the judge asked him (Mercer) what he had to say, he stood mute, saying nothing in his own defense, and not denying the truth of the charge against him nor requesting counsel. On the question whether Mercer was capable of speaking effectively for himself, his testimony showed him not fluent, but able to articulate his claims. I conclude that Mercer could have spoken up in his own defense, at the time revocation of his probation was under consideration, and he elected not to do so. Therefore, the judge had nothing to consider except the officer's testimony. Under these facts, I conclude that Mercer did not by his conduct bring himself within the rule of Scarpelli, and due process did not require that counsel be furnished him.

INGRAM, Justice, dissenting.

Appellant was charged with driving under the influence of intoxicants on the dates of March 30, 1973; April 14, 1973; and April 24, 1973. On May 19, 1973, appellant was charged with forgery in that he signed his mother's name to a $10 check drawn on her account. Subsequent to the forgery charge on June 5, 1973, appellant entered guilty pleas to all four charges. Appellant was represented by counsel at trial. Counsel testified at the habeas hearing that he conferred with appellant in the courtroom and after learning that the sheriff planned to recommend probation of all sentences, advised him to plead guilty "in light of [appellant's] past record of drinking." Appellant was sentenced to five years for forgery and received three 12-month sentences for the DUI charges, the DUI charges to run consecutively but concurrently with the 5-year forgery sentence. The sentences were ordered to be served on probation.

Subsequently, and while on probation, appellant was arrested on June 30, 1973, for public drunkenness. On July 7, 1973, the sheriff's office answered a call placed by appellant's mother regarding appellant's brother who was apparently drunk and was riding around on a tractor. The sheriff was unable to locate appellant's brother, but arrested appellant for public drunkenness. A probation revocation hearing was held and appellant's probation was revoked and he was imprisoned to serve the remainder of the sentences originally imposed.

In his petition for habeas corpus relief, appellant contended that he should have been allowed counsel to represent him at the probation revocation hearing. Appellant argued, pro se, that he had not committed any crime when the sheriff arrested him; that he had not been drinking; that he requested a blood test from the hospital; and, that he was charged and subjected to probation revocation solely upon an officer's testimony that he smelled liquor on appellant. At the hearing, appellant's mother testified that appellant had come home from work and was in bed when the sheriff came out, and being unable to find the other son, arrested appellant. It may be noted that appellant's mother also testified that with regard to the forged check, that she had given him

permission to sign her name to the check, since he had his money also in the account and because, at the time, she was sick and unable to go to town. She further testified that she had taken no warrant out for her son, but instead went to the sheriff to straighten out the matter with the check but he refused to drop the charges.

Appellant testified that he had requested a blood test and that he was informed that the hospital had no facilities for blood testing. Appellant further testified that he had not been drinking at the time of his most recent arrest, but that he was unaware of what to do at the trial regarding questioning of the officers.[1]

The U. S. Supreme Court has recently set out guidelines regarding assistance of counsel at probation revocation hearings. Since the 1967 case of Mempa v. Rhay, 389 U. S. 128, 134 (88 SC 254, 19 LE2d 336), the federal courts and state courts have taken various views of what the Supreme Court meant in stating that counsel is required "at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected."

---

[1]At the habeas corpus trial, counsel for respondent asked appellant the following questions: "Well, did the officer then go ahead and say what . . . why they thought you were drunk, did he explain that to the judge? A. . . the judge asked him . . 'Did you smell any liquor on his breath?' and he said, 'Yes, sir.' That's all . . . Q. Did the officer describe your condition physically, how you walked, how you talked, that type of thing, did he tell the judge that? A. No, sir. . . Q. And you knew you weren't supposed to be drinking liquor when you're under probation. You understood that? A. Yes, sir. But, uh, at this last charge I wasn't even, uh, wasn't even drinking. . . Q. And that's why you say you needed a lawyer because you could show the judge that you weren't drinking that second time, that that was a mistake? A. Yes, sir. . . Q. Well, when the judge asked you did you have anything to say to the officers, did you say anything to the officers? A. Well, uh, I didn't know what to say. I had help processing this . . . this writ here. If I'd a known what to done when I was in court there, I'd a done it."

Some courts limited the right to counsel at probation revocation hearings to the narrow factual situation in Mempa wherein sentencing had been deferred pending probation. Others, interpreting the above quoted language more liberally, construed it to require counsel at all probation revocation proceedings. In Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656) (1972), the Supreme Court clarified Mempa by holding, in essence, that right to counsel at probation revocation hearings should be decided on a case by case basis depending basically on several factors. The court enunciated its holding in these words: "Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer . . . makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present." Id., p. 790.

It is apparent from the testimony given at the habeas corpus hearing that appellant was operating under a handicap with respect to his inability to examine the witnesses who testified against him at the probation revocation hearing. It is obvious that counsel at that hearing would have been of great assistance to appellant. More than mere drunkenness is involved in the offense of public drunkenness. See *Scarborough v. State,* 231 Ga. 7, 8 (200 SE2d 115). Appellant did all he knew to do but he could not defend himself with the skill of an effective counsel. This becomes particularly significant when it is realized that appellant never pleaded guilty to, or was convicted of, either charge of public drunkenness and may well have had his probation revoked solely upon the testimony of an officer who stated he thought appellant had been drinking. Considering this fact in light of appellant's alleged request for counsel and request for a blood test, I believe the rationale of Gagnon requires that counsel should have been appointed in this case. But the

major fallacy I find with the majority opinion is in following the broad rule stated in *Reece v. Pettijohn,* supra, which, in my opinion, clearly contravenes the holding of the U. S. Supreme Court in Gagnon, supra, and is incorrect. Consequently, I must dissent.