## 52691. HUNTER v. THE STATE.

CLARK, Judge.

The principal question presented in this appeal from a revocation of probation is whether a probationer is entitled as of right to counsel at the revocation hearing. A secondary question is the extent to which a probationer assigned to a rehabilitation institution may be subjected to searches of his person.

Following his pleas of guilty to four counts of burglary and one count of possession of marijuana, appellant was placed on probation. More than a year later defendant's probation officer petitioned for revocation of

his probation on the ground that he had violated one of its conditions. After a hearing at which he was not represented by counsel, the court modified defendant's probation by adding the condition that he reside in the Rome Restitution Shelter, be subject to the supervision of its director and staff, and obey all rules and regulations of the Shelter. Three months later defendant's probation officer filed a second petition for revocation asserting that defendant had violated the rules of the Shelter, one of the conditions of his probation. The defendant's probation was revoked and this appeal followed.

1. The question as to appellant's right to counsel is based upon the contention that his presence at the Shelter was illegal in that he did not have the benefit of counsel at the first revocation hearing, was not aware he was entitled to an attorney, and was not informed that counsel would be appointed if he could not afford one.

*Mercer v. Hopper,* 233 Ga. 620 (212 SE2d 799), ruled specifically "There is no right to counsel at a probation revocation hearing in Georgia." This was a per curiam opinion in which the court stated its ruling was controlled by *Reece v. Pettijohn,* 229 Ga. 619 (193 SE2d 841). In both *Reece* and *Mercer* there were strong dissents which relied upon the U. S. Supreme Court ruling in Mempa v. Rhay, 389 U. S. 128 (88 SC 254, 19 LE2d 336) (1967) and Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 665) (1972). These cases from our nation's highest tribunal state that right to counsel at probation revocation hearings should be decided on a case-by-case basis depending basically upon several factors.

Application of these factors stated in Gagnon v. Scarpelli, supra, to the case at bar requires us to rule against appellant's contention. He cannot claim harm from the lack of counsel because of his admission that he had violated the condition of probation especially since his probation was not revoked but modified. Additionally, he intelligently executed a written acknowledgment of his right to counsel.

2. The acts for which the probation was revoked were appellant's intoxication on two occasions and his attempt to smuggle intoxicating liquor into the Shelter in violation of its rules and the conditions of his probation.

On the first occasion staff members detected the smell of alcohol about the defendant when he returned to the Shelter. The director, also detecting the smell, noticed a bulge in defendant's pocket and without asking permission placed his hand on the pocket, then reached into the pocket and withdrew a bottle of liquor. Another officer noticed another bulge and asked the defendant to give him what it contained, whereupon the defendant handed over another bottle of liquor. Defendant argues that the court erred in not suppressing this evidence because it was the fruit of an illegal search and seizure.

The right to be free from unreasonable searches and seizures extends to all persons, including probationers. Martin v. United States, 183 F2d 436 (4th Cir. 1950), cert. den., 340 U. S. 904 (71 SC 280, 95 LE 654) (1950); *Amiss v. State,* 135 Ga. App. 784 (219 SE2d 28). See generally Brown v. Kearney, 355 F2d 199 (5th Cir. 1966). A defendant's status as a probationer, however, is a factor to be considered in determining whether a search and seizure by a probation officer is unreasonable. See Martin v. United States, supra; State v. Gansz, 297 S2d 614 (Fla. App. 1974); State v. Davis, 9 Or.App. 412 (496 P2d 923) (1972); People v. L'Hommedieu, 62 Misc.2d 925 (310 NYS 2d 369) (1970). See generally United States v. Hill, 447 F2d 817, 819 (7th Cir. 1971); United States v. Fitzpatrick, 426 F2d 1161 (2d Cir. 1970); Randazzo v. Follette, 282 FSupp. 10 (SDNY 1968), affd. 418 F2d 1319 (2d Cir. 1969), cert. den. 402 U. S. 984 (91 SC 1672, 29 LE2d 150) (1971).

The search by a probation officer is reasonable if under all the circumstances, it is actuated by the legitimate operation of the probation supervision process and the probation officer acts reasonably in performing those duties. See State v. Davis, supra; People v. Gilkey, 6 Cal.App.3d 183 (85 Cal.Rptr. 642) (1970), cert. den. 401 U. S. 924 (91 SC 887, 27 LE2d 827) (1971); People v. L'Hommedieu, supra.

It was the duty of the defendant's probation officer and the officers of the restitution shelter to supervise his rehabilitation and to insure that he conformed to the conditions of his probation. Under all of the circumstances, the search was not unreasonable.

3. The remaining enumerations of error assert the court erred in its findings as to violation of Shelter rules. Both of these assignments are without merit.

In a revocation of probation proceeding only "slight" evidence is necessary to authorize a finding of violation. *Dickerson v. State,* 136 Ga. App. 885 (222 SE2d 649); *Amiss v. State,* 135 Ga. App. 784, supra; *Manley v. State,* 133 Ga. App. 436 (211 SE2d 391); *Sellers v. State,* 107 Ga. App. 516 (130 SE2d 790). As the trior of facts the trial court has a very wide discretion in determining the sufficiency of evidence to authorize revocation. *Raines v. State,* 130 Ga. App. 1 (202 SE2d 253); *Cooper v. State,* 118 Ga. App. 57 (162 SE2d 753). This court will not interfere in the trial court's decision unless there has been a manifest abuse of that discretion. *Raines v. State,* 130 Ga. App. 1, supra; *Boston v. State,* 128 Ga. App. 576 (197 SE2d 504); *Turner v. State,* 119 Ga. App. 117 (166 SE2d 582); *Sellers v. State,* 107 Ga. App. 516, supra. In this case the trial court did not abuse its discretion in finding that the evidence was sufficient to authorize revocation of probation.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 22, 1976 — DECIDED SEPTEMBER 28, 1976.

*Dollar & Dettmering, W. O'Neal Dettmering, Jr.,* for appellant.

*Richard D. Allen, Jr., Assistant District Attorney,* for appellee.