## 31227. FOSKEY v. SAPP.

Per curiam.

This court granted a certificate for review of a habeas corpus judgment that remanded the appellant to custody.

In March of 1975, the appellant entered a plea of guilty to motor vehicle theft and received a sentence, to be served on probation, of three years. In September of 1975, two indictments were returned against appellant charging him with possession of vehicles from which the

manufacturers' serial numbers had been removed for the purpose of concealing the identity of the vehicles.

On October 1, 1975, appellant's parole supervisor filed an application with the court to revoke appellant's probation because he had been indicted for two felonies on September 23, 1975. The trial judge ordered the appellant to show cause on October 7, 1975, why his probation should not be revoked for the reasons stated in the application for revocation. The appellant was in custody on the charges contained in the September 23 indictments, and the probation supervisor served a copy of the show-cause order on the appellant at the jail on October 3, 1975.

Appellant signed an acknowledgment of service of the show-cause order, and this acknowledgment also contained the following: "I am aware that I am entitled to legal representation at said hearing."

The trial judge conducted the revocation hearing on October 7, and thereafter entered an order revoking appellant's probation. Appellant was not represented by counsel at the revocation hearing.

Appellant thereafter filed an application for a writ of habeas corpus in which he contended that he was not represented by counsel at the revocation hearing, that he was indigent and entitled to have counsel appointed for him, and that though he knew he was entitled to employ counsel, he was not advised that he had the right as an indigent to appointed counsel. The probation supervisor testified at the habeas hearing that appellant knew that he had the right to employ counsel, that appellant was not advised that if he could not afford to employ counsel he was entitled to appointed counsel at the revocation hearing, and that he, the supervisor, thought that appellant or appellant's father would employ counsel to represent appellant at the revocation hearing.

The habeas judge rendered a finding that the appellant had "indicated to the Probation Supervisor that he would employ private counsel for the Probation Revocation Hearing," and he entered a judgment remanding the appellant to custody.

The rule in this state is that an indigent is not entitled to appointed counsel at his probation revocation

hearing. *Dutton v. Willis,* 223 Ga. 209 (154 SE2d 221) (1967), *Reece v. Pettijohn,* 229 Ga. 619 (193 SE2d 841) (1972), and *Mercer v. Hopper,* 233 Ga. 620 (212 SE2d 799) (1975).

*Judgment affirmed. All the Justices concur, except Jordan and Hill, JJ., who concur specially, Hall, J., who concurs in the judgment, and Gunter and Ingram, JJ., who dissent.*

SUBMITTED JUNE 7, 1976 — DECIDED OCTOBER 22, 1976.

*E. Kontz Bennett, Jr.,* for appellant.

*Dewey Hayes, District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.

JORDAN, Justice, concurring specially.

In the light of the holding in Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656) I do not think that this court can continue to adhere to the broad rule laid down in *Mercer v. Hopper,* 233 Ga. 620 (212 SE2d 799) (1975) and similar cases. However, where the revocation is based upon grand jury indictments, as in this case, the appellant does not bring himself within the Scarpelli ruling.

I therefore concur in judgment of the habeas court remanding the appellant to custody.

I am authorized to state that Justice Hill joins in this special concurrence.

HILL, Justice, concurring specially.

I concur with what Justice Jordan says — the rule stated in *Mercer v. Hopper,* 233 Ga. 620 (212 SE2d 799) (1975), cannot be sustained. What then is the correct rule as to the appointment of counsel in *probation* revocation proceedings?

Parole revocation proceedings are not a part of a criminal prosecution but arise after the criminal prosecution has been concluded. Morrissey v. Brewer, 408 U. S. 471, 480 (92 SC 2593, 33 LE2d 484) (1971). Hence the state is not required to provide counsel to an indigent in a parole revocation proceeding *as part of the requirement*

*that counsel be provided at each critical stage of a criminal proceeding.* See Morrissey, supra.

There is no due process distinction between parole revocation and probation revocation where the sentence was previously imposed. Gagnon v. Scarpelli, 411 U. S. 778, 782 (93 SC 1756, 36 LE2d 656) (1972). Cf. Mempa v. Rhay, 389 U. S. 128 (88 SC 254, 19 LE2d 336) (1967). Therefore, a probation revocation proceeding is not a criminal prosecution (Gagnon v. Scarpelli, supra), and the state is not required to provide counsel to an indigent in a probation revocation proceeding as part of the requirement that counsel be provided at each critical stage of a criminal proceeding.

In noncriminal proceedings, the state is not required to provide counsel to indigents, even though the state permits others to retain and use counsel in such proceedings; e.g., citation for contempt for nonpayment of alimony.[1] Therefore the state is not required to provide counsel to indigents in probation revocation proceedings to afford equal protection. It should be noted in this connection that Cottle v. Wainwright, 477 F2d 269 (5th Cir. 1973), was *vacated* and remanded by the Supreme Court, 414 U. S. 895 (1973), following Gagnon. As the Cottle dissent points out, 414 U. S. 895, in vacating Cottle the Supreme Court found that the question of counsel at probation revocation hearings is to be decided on due process considerations, not equal protection.

However, Gagnon v. Scarpelli amplified the holding in Morrissey v. Brewer that both a preliminary and a final hearing would generally be necessary to insure that the "conditional liberty" of a parolee or probationer was not taken from him *without due process of law.*[2] In Gagnon,

---

[1]Although the state is required to provide counsel in misdemeanor prosecutions where the punishment is imprisonment (Argersinger v. Hamlin, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1971)), the state is not required to provide counsel in all misdemeanor prosecutions on equal protection grounds even though an accused has the right to retain and use counsel.

[2]The reason for the preliminary hearing is to prevent

the court ruled that although the appointment of counsel will be unnecessary in most revocation hearings, in some circumstances counsel must be provided for parolees and probationers in order to preserve the fairness of the hearings. 411 U. S. at 790. Where fundamental fairness requires, counsel must be provided.

Nonetheless, in all cases a parolee/probationer must be "informed of his right to request [the appointment of] counsel," Gagnon, supra, at 790 (matter in brackets added), so that it was error in this case that petitioner was not so informed. Gagnon points out two circumstances where, after the parolee/probationer has been informed of his right to request counsel and makes such request, counsel will be presumed to be required "Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record." 411 U. S. at 790-791.

The appellant has not shown that either of these two circumstances exists in his case, nor has he set forth any circumstances which might indicate that assistance of

---

a parolee from being held at the parole officer's direction without probable cause during the time lag until a parole revocation hearing can be held. Morrissey, 408 U. S. at 485-487. Here petitioner was being held under indictments.

counsel was necessary to preserve the fundamental fairness of the hearing. Even now he has not contended that had he been told of his conditional right, the circumstances were such that he would have been entitled to the appointment of counsel; i.e., appellant has not shown any basis upon which a request for counsel should have been granted.

Indeed, appellant's circumstances indicate that a Gagnon request would not be honored. As seen, Gagnon requires that a request for counsel be based on a colorable claim that the parolee/probationer has not committed the alleged violation or, if the violation is uncontested, that substantial justification or mitigation can be shown. Appellant has not contended that at his probation revocation hearing, or habeas corpus hearing, he denied the truth of the indictments or suggested mitigation or justification. The appellant in this case has not made a colorable claim that he was denied due process of law in the revocation of his probation. For these reasons, I concur in the judgment of the court affirming the return of the appellant to custody.

GUNTER, Justice, dissenting.

I would reverse the judgment below and direct the habeas court to order a new probation revocation hearing at which appellant would be represented by appointed counsel if he is in fact indigent. My view on this subject has been made plain. A Georgia statute provides for a hearing before a trial judge on the issue of revocation. The same statute provides for representation by counsel at the revocation hearing. And the constitutional principle of equal protection requires the appointment of counsel for indigent probationers at a revocation hearing. See my dissenting opinion in *Reece v. Pettijohn,* supra, and Justice Ingram's dissenting opinion in *Mercer v. Hopper,* supra. See also the Fifth Circuit decision in Cottle v. Wainwright, 447 F2d 269 (1973).

I also think that the Fifth Circuit decision in Lane v. Attorney General of the United States, 477 F2d 847 (1973), on the issue of a "knowing and intelligent waiver" of counsel at a probation revocation hearing, is clearly applicable in this case.

I respectfully dissent. I am authorized to state that Justice Ingram joins in this dissent.