## 56273. ELKINS v. THE STATE.

Banke, Judge.

In this appeal from the revocation of his probation, the appellant contends that he was denied his Sixth Amendment right to counsel. The state has filed no opposing brief, nor did it appear for oral argument.

The transcript of the revocation hearing indicates that the appellant was not represented by counsel but does not indicate why. Apparently, no inquiry was made as to whether he desired counsel or whether he could afford one until *after* his probation was revoked. At that time the trial court asked the appellant whether he desired appointed counsel on appeal and, after inquiring into his ability to afford counsel for the appeal, appointed one for him. *Held:*

The procedure to be applied in determining whether an indigent probationer is entitled to appointed counsel at a revocation hearing is set forth in Gagnon v. Scarpelli, 411 U. S. 778, 790-791 (93 SC 1756, 36 LE2d 656) (1973), as follows:

"Presumptively, it may be said that counsel should be provided in cases where, *after being informed of his right to request counsel,* the probationer or parolee makes such a request based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and

that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. *In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record."* (Emphasis supplied.)

Although the Georgia Supreme Court in the case of *Foskey v. Sapp,* 237 Ga. 788 (229 SE2d 635) (1976) apparently declined to follow the holding in Scarpelli, the "majority opinion" in *Foskey* received the full support of only two of the seven justices. Furthermore, *Foskey* is distinguishable from the case before us in that the probationer in *Foskey* had represented to the court that he would appear at the hearing with retained counsel, a fact which does not appear in our case.

Since in this case it does not appear that the appellant was ever informed of his right to request counsel for the hearing, as required by Scarpelli, it cannot be said that he waived counsel by failing to make such a request. We shall, therefore, treat the case as if a request for counsel had been made and refused. While it appears from an investigation of the record that the trial judge may have been justified in making such a refusal, his actual grounds for doing so are not stated in the record, as is further required by Scarpelli. Accordingly, the order of revocation is vacated and the case is remanded so that the trial court may either state its reasons for not appointing counsel prior to the hearing or, in the alternative, proceed with a new revocation hearing in which the appellant is afforded the opportunity to be represented by counsel.

*Judgment vacated with direction. Deen, P. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 11, 1978 — DECIDED
OCTOBER 16, 1978 — REHEARING DENIED
NOVEMBER 2, 1978.

*W. Benjamin Ballenger,* for appellant.

*William M. Campbell, District Attorney,* for appellee.