## 56469. NALLEY v. THE STATE.

BIRDSONG, Judge.

Probation revocation. Appellant Nalley filed a pro se notice of appeal enumerating three errors: that he was denied the assistance of counsel, denied counsel of his own choice, and denied the right to subpoena an essential witness. *Held:*

Though a hearing was held in this case, no transcript

was requested nor was a transcript prepared. Appellant in his brief admits that he discussed his revocation hearing with an attorney of his choice but could not pay the retainer fee. There being no transcript, there is no indication that Nalley requested at the hearing the assistance of counsel. Neither does the record indicate that Nalley moved in writing for assistance of counsel or that the court was ever aware that Nalley wished counsel. Likewise, the record is silent as to any attempt by Nalley to subpoena a witness. In the absence of a transcript, we cannot determine whether the trial court was aware of the existence of the absent witness or considered the assertions of Nalley as to what that witness might say.

The record contains charges alleging that appellant violated the terms of his probation and shows that a hearing was held to determine the validity of those charges. The order of the trial court states that after a full hearing, it found a violation of the terms of parole. Where, as here, there is no transcript, the appellate court is bound to assume that the trial judge's findings are supported by sufficient competent evidence. *Johnson v. Scott,* 141 Ga. App. 645 (234 SE2d 184). Moreover, the rule in this state is that an indigent is not entitled to appointed counsel at his probation revocation hearing. *Foskey v. Sapp,* 237 Ga. 788 (229 SE2d 635). The record does not support Nalley's contention that he was denied counsel of his own choosing. There is a presumption in favor of the regularity and legality of all proceedings in the superior court. *Bible v. Marra,* 226 Ga. 154, 159 (173 SE2d 346). Because this presumption cannot be rebutted by a direct appeal involving an issue which apparently was not judicially determined by the trial court, the contention by Nalley that he was denied counsel of his own choosing is without merit. *Touchton v. Stewart,* 229 Ga. 303 (190 SE2d 912). For the same reasons, we will not consider the merits of a mere allegation that Nalley was denied the evidence of an essential witness or that Nalley was denied the right to subpoena such a witness.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 19, 1978 — DECIDED OCTOBER 18, 1978.

Derrell J. Nalley, *pro se.*
*Robert E. Keller, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.