## 64917. PARRISH v. THE STATE.

DEEN, Presiding Judge.

On November 17, 1981, appellant entered a plea of guilty to the offense of theft by taking, and was sentenced to five years probation under the First Offender Act and ordered to pay fines, court costs, restitution, and perform public service. He was represented by appointed counsel during the plea. On April 1, 1982, a petition for revocation of probation was filed, alleging appellant's receipt and disposition of a camera known to be stolen. Following the show cause hearing on April 20, 1982, the trial court ordered that appellant's probation be revoked for a period of three years. This appeal followed.

The transcript of the revocation hearing reveals that appellant indicated he could not afford counsel and desired appointment of counsel. He had remained incarcerated following service of the petition for revocation, and had been under the impression that counsel appointed for him regarding other pending criminal charges had also been appointed to represent him at the revocation hearing. After some reference to the other criminal charges pending against appellant, the trial court ascertained that this counsel had not been appointed for the revocation hearing, and did not require that counsel, despite his physical but non-participating presence, to represent appellant. The court refused to appoint counsel for appellant, stating that it would be unfair to both appellant and counsel to do so at that juncture.

During the hearing, the trial court heard testimony concerning appellant's custodial statement that he had concealed the camera and had known it to be stolen. The court then inquired into the

voluntariness of the statement, but made no express ruling on the matter. At all times during the hearing, appellant maintained that he had not known that the camera was stolen, and that he had not admitted such to the investigator.

1. Appellant had 20 days from docketing of the case in this court to file a brief and enumeration of errors. This was not done. On August 20, 1982, this court ordered appellant to file his enumeration of errors and brief by no later than August 25, 1982. Neither was filed by that date. On August 31, 1982, counsel for appellant informed this court of his representation of appellant, and requested a ten-day extension of time in which to file enumeration of errors and the brief. Appellant apparently had been unrepresented previously.

The ten-day extension was granted, setting the due date for the filing of the enumeration of errors and brief at September 12, 1982. Again, neither was filed within the time extended. On September 13, 1982, appellant requested an additional ten-day extension in which to make the requisite filings, without making clear to this court that this was a second request; appellant was then allowed until September 16, 1982, to file the enumeration of errors and the brief. Appellant eventually filed them on September 20, 1982.

The above manifests appellant's failure to comply with the order of this court to file his enumerations of error and brief, once unrepresented and once with the assistance of counsel. Although we proceeded to the merits in this case, this court would have been justified in dismissing the appeal and considering a finding of contempt, pursuant to Court of Appeals Rules 14 and 27 (a). Burdened with a heavy caseload, in our efforts to address the merits of every case, particularly in criminal cases, many times we are overindulgent in granting extensions.

2. Appellant contends that the trial court erred in denying his request for appointed counsel at the revocation hearing. As noted by this court in *Elkins v. State,* 147 Ga. App. 837 (250 SE2d 535) (1978), guidelines for determining whether an indigent probationer is entitled to appointed counsel at a revocation hearing are delineated in Gagnon v. Scarpelli, 411 U. S. 778, 790-791 (93 SC 1756, 36 LE2d 656) (1973), as follows:

"Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons

are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record."

This court in *Elkins* recognized the general rule that an indigent probationer is not entitled to appointed counsel at a revocation hearing, proclaimed in *Foskey v. Sapp,* 237 Ga. 788 (229 SE2d 635) (1976), but noted the distinguishing fact that the lower court in *Foskey* had succinctly stated its reasons for denying the request for appointed counsel. The instant case is similarly distinguishable; this court is unable to accept the trial court's statement below that it would be unfair to appellant to appoint counsel as a succinct statement of grounds for denying the request, as required by Scarpelli. Accordingly, in line with *Elkins v. State,* supra, the order of revocation must be vacated and the case remanded so that the trial court may adequately state its reasons for not appointing counsel, or, in the alternative, proceed with a new revocation hearing in which the appellant is afforded the opportunity to be represented by counsel.

3. Appellant also contends that the trial court erred in admitting the testimony of the investigator regarding appellant's custodial statement prior to inquiring into the voluntariness of the statement, and then failing to make a ruling on the statement's admissibility. We disagree. Where a statement is determined to be voluntary and admissible, after a Jackson-Denno hearing, reference to the statement immediately prior to such a hearing and determination is rendered harmless, if error. *Toole v. State,* 146 Ga. App. 305 (246 SE2d 338) (1978). It is, of course, settled that harmless error will not authorize a reversal by this court. *Robinson v. State,* 229 Ga. 14 (189 SE2d 53) (1972). Despite the absence of any express ruling, the transcript indicates the trial judge found the statement to be voluntary.

4. Appellant's assertion that insufficient evidence supported revocation of his probation is without merit. Slight evidence is sufficient to support revocation, *Hulett v. State,* 150 Ga. App. 367 (258 SE2d 48) (1979), and review of the record revealed that standard to have been met.

5. The record further does not support appellant's assertion that prejudicial error occurred with the reference to other criminal charges pending against appellant. The references occurred prior to the taking of any evidence, while the trial court and both parties were trying to determine whether appellant had appointed counsel. The

record is absent any indication whatsoever that such references prejudiced the court or interfered with the discretion.

*Judgment reversed and remanded for proceedings not inconsistent with what is held in Division 2. Sognier and Pope, JJ., concur, and Pope, J., separately concurs.*

DECIDED DECEMBER 1, 1982.

*William P. Slack,* for appellant.
*David L. Lomenick, Jr., District Attorney, Ralph Van Pelt, Assistant District Attorney,* for appellee.

POPE, Judge, concurring.
I concur fully in the foregoing opinion. In addition, I would point out to the trial courts of this state that the broad rule that a probationer has no right to the assistance of counsel at a revocation hearing, set forth in such cases as *Mercer v. Hopper,* 233 Ga. 620 (212 SE2d 799) (1975); *Reece v. Pettijohn,* 229 Ga. 619 (193 SE2d 841) (1972); *Dutton v. Willis,* 223 Ga. 209 (154 SE2d 221) (1967), appears to have been modified by the United States Supreme Court's holding in Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656) (1973). See *Hunter v. State,* 139 Ga. App. 676 (1) (229 SE2d 505) (1976).