## 65505. CHAMLEE v. THE STATE.

SOGNIER, Judge.

Appellant's probation was revoked for attempted theft and leaving the state without authority, and he appeals on the general grounds. He also contends the trial court erred by revoking his probation for committing a crime which was not alleged in the state's petition for revocation, and by refusing to appoint counsel to represent him on this appeal. Lastly, he attacks his original conviction in 1981 resulting in his probated sentence.

1. Appellant acknowledged at the hearing that he went to Tennessee without authority. As to the attempted theft, a person fitting appellant's description was seen by police in Calhoun, Georgia less than 100 yards from where an attempted theft of hubcaps occurred. When appellant was arrested later the same night in Tennessee, 16 hubcaps were in the trunk of the car in which appellant was riding.

Only slight evidence is necessary to support a revocation of probation, *Jones v. State,* 153 Ga. App. 411, 412 (265 SE2d 334) (1980), and appellant's acknowledgment that he left the state without authority, standing alone, is sufficient to support the revocation.

2. Appellant contends the trial court "convicted" him for possessing 16 hubcaps and he was not charged with theft of those hubcaps. However, the trial judge stated specifically that appellant's possession of the hubcaps was only one circumstance which the judge considered in concluding that appellant was one of two men involved in an *attempted* theft of a hubcap in Calhoun, Georgia. Thus, appellant's contention is not supported by the record, and this court will not consider factual representations in a brief which do not appear in the record. *Gray v. State,* 156 Ga. App. 117, 119 (3) (274 SE2d 115) (1980).

3. Pursuant to appellant's request, his appointed counsel at the revocation hearing presented a written request to the trial court that he be appointed to represent Chamlee on this appeal. Appellant contends the denial of that request was error.

The United States Supreme Court has held that an indigent probationer should be provided counsel on request at a probation revocation hearing based on a claim that (a) he has not committed the alleged violation, or (b) even if he does not contest the violation there are substantial reasons which justified or mitigated the violation, and that the reasons therefor are complex or difficult to develop or present. Gagnon v. Scarpelli, 411 U. S. 778, 790-791 (93 SC 1756, 36 LE2d 656) (1973). However, appellant here was provided counsel at his revocation hearing, so Gagnon is not applicable to the error enumerated by appellant. The issue in the instant case is whether an indigent probationer is entitled to appointed counsel *on appeal.*

Subsequent to the decision in Gagnon, our appellate courts have held that the rule in Georgia is that an indigent is not entitled to appointed counsel at his probation revocation hearing. *Foskey v. Sapp,* 237 Ga. 788, 789-790 (229 SE2d 635) (1976); *Nalley v. State,* 147 Ga. App. 634, 635 (249 SE2d 685) (1978). *A fortiori,* an indigent probationer is not entitled to counsel on appeal. Accordingly, this enumeration is without merit.

4. Lastly, appellant contends the indictment on which he was convicted in 1981, based upon his plea of guilty, was void. "As this complaint is raised for the first time on appeal, it presents nothing for review. [Cit.] Challenge to the indictment must be made prior to the entry of the verdict. [Cit.]" *Scott v. State,* 147 Ga. App. 679 (1) (250 SE2d 15) (1978).

*Judgment affirmed. Quillian, P. J., concurs. Pope, J., concurs specially.*

DECIDED MAY 4, 1983 —
REHEARING DENIED MAY 20, 1983 —

*Howard W. Jones,* for appellant.

*Darrell E. Wilson, District Attorney, Gerard P. Verzaal, Assistant District Attorney,* for appellee.

*James C. Bonner, Jr., Jerry L. Causey,* amicus curiae.

POPE, Judge, concurring specially.

I concur fully in Divisions 1, 2 and 4 of the opinion, and while agreeing with the result reached in Division 3, I am compelled to offer the following comments. The broad rule that an indigent probationer has no right to the assistance of counsel at a revocation hearing has been modified by the United States Supreme Court in Gagnon v. Scarpelli, 411 U. S 778 (93 SC 1756, 36 LE2d 656) (1973), holding that counsel at a probation revocation hearing should be determined on a case-by-case basis applying certain general guidelines as to whether the assistance of counsel is constitutionally necessary. *Parrish v. State,* 164 Ga. App. 575 (2) (298 SE2d 558) (1982); see *Hunter v. State,* 139 Ga. App. 676 (1) (229 SE2d 505) (1976). Further, "[i]n every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record." Gagnon v. Scarpelli, supra at 791. However, as noted in the opinion, the issue here involves a request for counsel *on appeal* from a probation revocation hearing; counsel had been appointed for appellant at the hearing.

In deciding whether Douglas v. California, 372 U. S. 353 (83 SC 814, 9 LE2d 811) (1963), which requires the appointment of counsel for indigent state defendants on their first appeal as of right from a conviction, should be extended to require counsel for discretionary state appeals (such as certiorari to the state supreme court) and for applications for review in the United States Supreme Court, that court held that neither the Due Process Clause nor the Equal Protection Clause of the Fourteenth Amendment requires the appointment of counsel for an indigent beyond his first appeal as of right from his conviction. Ross v. Moffitt, 417 U. S. 600 (94 SC 2437, 41 LE2d 341) (1974). "The duty of the State under our cases is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present his claims fairly in the context of the State's appellate process." Id. at 616.

" '[T]he quantum of evidence sufficient to justify revocation of probation is less than that necessary to sustain a conviction in the first instance, and where there is even slight evidence of misconduct

the appellate court will not interfere with revocation unless there has been manifest abuse of discretion.' " *Johnson v. State,* 142 Ga. App. 124, 126 (235 SE2d 550), affd. 240 Ga. 526 (242 SE2d 53) (1978), cert. den., Johnson v. Georgia, 439 U. S. 881 (1978). The trial court must set forth in the record the basis for any revocation of probation in order to facilitate appellate review. *State v. Brinson,* 248 Ga. 380 (1) (283 SE2d 463) (1981). Under these circumstances, I am of the opinion that an indigent has an adequate opportunity on appeal from the revocation of his probation for a fair presentation of his claims and that the appointment of counsel is not necessary in order to assure such opportunity. Cf. Ross v. Moffitt, supra.