Par. II (Code Ann. § 2-102).

## 40035. CHAMLEE v. THE STATE.

MARSHALL, Presiding Justice.

This case is here on certiorari. *Chamlee v. State,* 166 Ga. App. 696 (305 SE2d 369) (1983). The question for decision is whether an indigent defendant, who has been represented by appointed counsel at a probation-revocation hearing, has a right to appointed counsel on appeal from the probation-revocation order. The Court of Appeals held that there is no such right. For reasons which follow, we agree that there is no such right, at least in this case. We therefore affirm.

The appellant Chamlee was on probation from a conviction for having operated a motor vehicle after having been declared and notified that he was a habitual violator. He was charged with violating his probation by leaving the state without permission and by committing criminal attempt to steal hub caps. After conducting a hearing at which the appellant was represented by appointed counsel, the superior court entered an order revoking the appellant's probation. Acting as his own counsel, he appealed to the Court of Appeals, complaining of, among other things, an improper denial by the superior court of his request for appointed appellate counsel.

Two judges of the three-judge Court of Appeals panel acknowledged in their majority opinion that under Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656) (1973), an indigent probationer does have some right to appointed counsel at a probation-revocation hearing, which right must be determined on a case-by-case basis. Nonetheless, the majority opinion held that the rule in Georgia under *Foskey v. Sapp,* 237 Ga. 788 (229 SE2d 635) (1976), is that an indigent is not entitled to appointed counsel at his probation-revocation hearing; and, therefore, an indigent is not entitled to appointed counsel in the appellate stage of the probation-revocation proceeding. One judge concurred specially, on the ground that under Gagnon v. Scarpelli, supra, the right to counsel at a probation-revocation hearing must be determined on a case-by-case basis; but under Ross v. Moffitt, 417 U. S. 600 (94 SC 2437, 41 LE2d 341) (1974), neither due process nor equal protection requires appointment of appellate counsel for an indigent beyond his first appeal as of right from his conviction. *Held:*

*Foskey v. Sapp,* supra, is an admittedly splintered decision; it contains a per curiam opinion, joined in by only two Justices, which holds that in Georgia an indigent probationer is not entitled to

appointed counsel at a probation-revocation hearing. However, a clear majority of the *Foskey* court did agree that there is a right to counsel in at least some probation-revocation hearings. That is the rule of Gagnon v. Scarpelli, supra, and, under the federal Constitution, it is therefore the rule in Georgia.

As previously stated, the question for decision here is whether this indigent probationer was entitled to appointed counsel on appeal from his probation-revocation order. Ross v. Moffitt, supra, does hold that under Douglas v. California, 372 U. S. 353 (83 SC 814, 9 LE2d 811) (1963), indigent defendants are not entitled, either as a matter of due process or equal protection, to appointed counsel in discretionary appeals from their criminal convictions after their first appeal as a matter of right. The appellant here argues that this is an appeal as of right from his probation-revocation order and not a discretionary appeal, as in Moffitt. The state's argument is that this is not a mandatory direct appeal from the appellant's conviction, and, therefore, no constitutional right to counsel obtains.

As we see it, the United States Supreme Court has not to date reached any broad holding that there is no constitutional right to appointed counsel in any phase of post-direct-appeal criminal litigation. Douglas v. California, supra, holds that there is a constitutional right to appointment of counsel in the one and only appeal an indigent has as of right. However, Douglas is not so written as to hold that this right cannot be extended beyond the direct appeal of right. Ross holds that there is no right to appointment of counsel in discretionary appeals from a criminal conviction. However, Ross is written in such a way as to restrict its scope to discretionary appellate review.

This is an appeal as of right from a probation-revocation order. In this case, though not in all cases, counsel was appointed for the indigent probationer at the hearing below. In cases where there is a request for counsel at the hearing stage, the hearing officer must make a determination at the commencement of the proceeding, and on the record, as to whether appointed counsel is needed at the hearing. We hold that where there is a request for appointment of counsel to appeal a probation-revocation order, such a determination, on the record, must also be made as to whether counsel is necessary on appeal.

In most cases, such as this, if the only question is an evidentiary one, or one that addresses itself to the discretion of the probation authorities, appointment of counsel will not be necessary.

Here, the appellant does argue that there is a serious legal question in this appeal which a layman could not hope to raise. This argument is raised by counsel who has been appointed to represent

the appellant in this application for certiorari. The question is whether the habitual-violator conviction is void, because the indictment alleged that the appellant operated a motor vehicle after having been notified that his license had been revoked; however, his license could have been reinstated after he had been notified that it was revoked, and the indictment did not allege that he operated the motor vehicle while his license was revoked. We agree with the Court of Appeals that this argument is clearly without merit, and that challenges of this sort to an indictment must be made prior to the entry of the verdict. See *Mealor v. State,* 135 Ga. App. 682 (1) (218 SE2d 683) (1975).

Quite frankly, we do not foresee the need for appointment of counsel in many probation-revocation appeals. In most such cases, the question will be whether the evidence supports the finding of a probation violation. There are, however, other cases in which counsel is needed. See *Smith v. State,* 250 Ga. 438 (298 SE2d 482) (1982).

In this case, the superior court did not err in refusing to appoint counsel on appeal.

*Judgment affirmed. All the Justices concur, except Weltner, J., who concurs specially.*

DECIDED OCTOBER 5, 1983.

*James C. Bonner, Jr., Jerry L. Causey,* for appellant.
*Darrell E. Wilson, District Attorney, Gerard P. Verzaal, Assistant District Attorney,* for appellee.
*Joseph L. Chambers, Charles T. Shean III,* amicus curiae.

WELTNER, Justice, concurring specially.
I concur specially for the reason stated in my special concurrence in *Harris v. State,* 251 Ga. 517 (307 SE2d 504) (1983).