# Court of Appeals
# of the State of Georgia

ATLANTA,     July 07, 2014

*The Court of Appeals hereby passes the following order:*

**A14D0400.  CHARLES BRANDON ALLEN v. THE STATE.**

On May 22, 2013, the trial court entered an order revoking Charles Brandon Allen's probation.  On June 11, 2014, Allen filed this application for discretionary appeal.  An application for discretionary appeal must be filed within 30 days of the entry of the order or judgment to be appealed.  See OCGA § 5-6-35 (d).  The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith.  See *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989).  This application, filed more than a year after entry of the order to be appealed, is untimely.  It is therefore DISMISSED for lack of jurisdiction.[1]

---

[1] Allen states that the trial court denied his motion for out-of-time appeal, but he has not included a copy of his motion or the denial order.  In any event, out-of-time appeals are not authorized in probation revocation cases.  An out-of-time appeal is the remedy for the frustrated right of appeal in a criminal case, see *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002), but a probation revocation is not a criminal case. *Foskey v. Sapp*, 237 Ga. 788; (229 SE2d 635) (1976).  And although a party may seek an appellate court's permission for an extension of time to file a discretionary application, a trial court has no authority to permit an out-of-time application for discretionary appeal.  See *Gable v. State*, 290 Ga. 81 (720 SE2d 170) (2011).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/07/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* *, Clerk.*