## 57024. AUSTIN v. THE STATE.

BANKE, Judge.

This is an appeal from an order revoking the appellant's probation on the ground that he was found in possession of marijuana inside the Rome, Georgia, Diversion Center. The appellant had been ordered to reside at the Center as one of the terms of a 3-year probationary sentence which he received on a burglary conviction. Following the revocation hearing, the trial court revoked his probation for a period of six months, sentencing him to serve this time in the county jail.

The appellant filed a motion to suppress in which he alleged that the marijuana was seized in violation of his Fourth Amendment rights. He contends on appeal that the trial judge erroneously refused to hold a hearing on this motion and instead took the position that a probationer residing at the Diversion Center had no Fourth Amendment rights.

At the revocation hearing, the superintendent of the Diversion Center testified that he had been informed that the appellant was going to bring "a substance" into the center and that a short while later he observed the appellant make a suspicious rendezvous with an automobile in the center's parking lot. The appellant removed something from under the seat of this automobile and brought it into the center. Shortly thereafter, the director saw him either placing something into or removing something from the gutter above the window to his room. Using his pass key, the director

entered the appellant's room, reached out of the window to the gutter, and discovered a bag of marijuana. *Held:*

1. A defendant's probation may not be revoked on the basis of illegally seized evidence. *Amiss v. State,* 135 Ga. App. 784 (219 SE2d 28) (1975). However, a probation revocation hearing is not a criminal trial, and the same rules of procedure do not apply. *Johnson v. State,* 214 Ga. 818 (108 SE2d 313) (1959). Since all of the circumstances surrounding the search were fully elucidated at the revocation hearing, we hold that it was not necessary to hold a separate hearing on the motion to suppress.

2. "The right to be free from unreasonable searches and seizures extends to all persons, including probationers. [Cits.] A defendant's status as a probationer, however, is a factor to be considered in determining whether a search and seizure by a probation officer is unreasonable. [Cits.]

"The search by a probation officer is reasonable if under all the circumstances, it is actuated by the legitimate operation of the probation supervision process and the probation officer acts reasonably in performing those duties. [Cits.]

"It was the duty of the defendant's probation officer and the officers of the restitution shelter to supervise his rehabilitation and to insure that he conformed to the conditions of his probation. Under all of the circumstances, the search was not unreasonable." *Hunter v. State,* 139 Ga. App. 676 (2), 678 (229 SE2d 505) (1976).

In addition, we note the gutter was a part of the building in which the defendant could have had no reasonable expectation of privacy. Presumably, it could have been reached with a ladder, without going through the defendant's room. Thus, even if going through the defendant's room had violated his rights, this would not necessarily have rendered the search of the gutter invalid.

The trial court did not err in overruling the motion to suppress.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

SUBMITTED JANUARY 3, 1979 — DECIDED JANUARY 25, 1979.

*Thomas M. Finn,* for appellant.
*Charles A. Pannell, Jr., District Attorney, Stephen A. Williams, Assistant District Attorney,* for appellee.