58369, 58370. DEAN v. THE STATE (two cases).

CARLEY, Judge.

Appellant entered a plea of guilty to two counts of burglary in Case No. 58369 and to one count of burglary in Case No. 58370. He originally received a youthful offender sentence which he began to serve at the Georgia Diagnostic and Classification Center. He subsequently petitioned to have his sentence vacated and set aside and that he be sentenced instead to serve at the New Life Restitution Center, a halfway house in which the

residents, under sentence, may obtain outside work and return home for periodic visits but who must otherwise stay at the center. Appellant's petition stated that "he has read the Rules and Regulations of the New Life Restitution . . . and . . . agrees to comply with each and every provision of the aforesaid Rules. The Defendant understands that his failure to abide by the Rules of the New Life Restitution may result in the revocation of the Defendant's probated status with a period of incarceration for the remainder of his sentence." Appellant's original sentence was vacated and he received four years probation with the special condition that he serve the first year at the Center. It was further ordered that he "must comply with all rules and regulations of the New Life Restitution Center, and that any violation of these rules and regulations will constitute a violation of Sentence of Probation."

The Center's rules and regulations, which appellant had admitted reading and with which he had agreed to comply under possible penalty of probation revocation and to which specific reference had been made in his probated sentence, stated: "Failure to comply with these rules and regulations may result in revocation of the probation status of a resident. This means that the resident will return to prison to serve the remainder of his sentence . . . No weapons, alcohol, or drugs are permitted to be in the residents['] possession while at the Center . . . Any resident found in possession of illegal drugs or [alcoholic] beverages on Center property will be returned to jail for revocation. The staff has the right to inspect and search any resident, his property or his room. Periodic shake downs may be expected . . ."

The Center director requested Clayton County police officers to enter the facility and conduct one of the periodic "shake down" searches referred to in the rules and regulations of the Center. At that time, officers discovered marijuana on appellant's person. On the basis of this search and seizure of the drugs, appellant was charged with violating the terms of his probation. His motion to suppress was denied and his probation revoked. He appeals, enumerating as error the denial of his suppression motion.

"A defendant's probation may not be revoked on the basis of illegally seized evidence. [Cit.] . . . 'The right to be free from unreasonable searches and seizures extends to all persons, including probationers. [Cits.] A defendant's status as a probationer, however, is a factor to be considered in determining whether a search and seizure by a probation officer is unreasonable. [Cits.] . . .' [Cit.]" *Austin v. State,* 148 Ga. App. 784, 785 (252 SE2d 696) (1979).

Appellant acknowledged that he was aware of the Center's rules and regulations, including the ban on illegal drugs and the possibility that periodic "shake down" searches would be conducted. He voluntarily agreed, as a condition of his probation, to abide by those rules. It is clear that appellant consented, under these circumstances, to a search of his person, his property and his room and waived his Fourth Amendment rights. United States v. Sihler, 562 F2d 349 (5th Cir. 1977). Requiring consent to such a search as a condition of parole is not unreasonable. People v. Turner, 126 Cal. Rptr. 652 (54 Cal. App. 3d 500) (1976).

Thus the only question is whether the fact that police officers, rather than the Center staff, conducted the search removes it from the "consent-waiver" exception to the probable cause and warrant requirement of the Fourth Amendment.

The Center's rules and regulations clearly give the staff the authority to search the residents and to seize banned items. The regulations clearly establish that the object of the search was to insure there was no probation violation and that, if there were, revocation would result. The rule, as thus interpreted, is clearly in furtherance of the Center's function as a halfway house for probationers. When appellant agreed to this rule, he had no reasonable expectation of freedom from intrusion while on the Center's premises. Compare Piazzola v. Watkins, 442 F2d 284 (5th Cir. 1971). The officers were requested by the director of the Center to assist him in the conducting of the search in furtherance of the Center's function and they were doing so, with his full approval and consent, at the time the contraband was discovered in appellant's possession. Compare United States v. Clarke,

451 F2d 584 (5th Cir. 1971). The director of the Center had authority to "consent" to the search by the officers under the circumstances. Overton v. Rieger, 311 FSupp. 1035 (S.D. N.Y. 1970). The search was actuated by the legitimate operation of the probation supervision process and was conducted reasonably. *Hunter v. State,* 139 Ga. App. 676 (229 SE2d 505) (1976). It was not error to deny the suppression motion. Appellant's probation was not erroneously revoked.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 5, 1979 — DECIDED OCTOBER 19, 1979.

John R. Dean, *pro se.*
*Robert E. Keller, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.