## 66826. HOWARD v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals the revocation of his probated sentence. *Held:*

The defendant contends the evidence utilized to revoke his probation was the product of an unlawful search and seizure.

We recognize the general rule that "illegally seized evidence may not be used to revoke probation." *Stanley v. State,* 153 Ga. App. 42 (264 SE2d 533). Nevertheless, in the case sub judice the defendant, a probationer, was required to reside in the Cobb Diversion Center, a restitution shelter, and as a part of the program agreed to abide by the rules and regulations of the Center. He returned to the Center in an apparently intoxicated condition according to evidence produced by the State. He was taken to the hospital for a blood test and urine sample; meanwhile, his vehicle located on the property of the Center was searched and certain controlled substances were found therein.

The rules and regulations of the Center provided: "Any resident returning to the Center under the influence of drugs or alcohol *will be* disciplined appropriately. Breath tests for alcohol and chemical tests for drugs will be used regularly. . . . The staff has the right to inspect and search any resident, his property or his room. Periodic shakedowns may be expected. You are responsible for any contraband that may be found in any vehicle you own or bring on the Center property (including visitor's vehicles)."

1. We find that defendant's contentions regarding the inadmissibility of the results of the tests performed by extracting his bodily fluids is controlled adversely to such position by *Smith v. State,* 250 Ga. 438, 439 (3) (298 SE2d 482).

2. Likewise, there is no merit to the enumeration of error that the search of his vehicle was unlawful. "[A] probation revocation hearing is not a criminal trial, and the same rules of procedure do not apply." *Austin v. State,* 148 Ga. App. 784, 785 (252 SE2d 696). "A defendant's status as a probationer . . . is a factor to be considered in determining whether a search and seizure by a probation officer is unreasonable. . . . The search by a probation officer is reasonable if under all the circumstances, it is actuated by the legitimate operation of the probation supervision process and the probation officer acts reasonably in performing those duties." *Hunter v. State,* 139 Ga. App. 676, 678 (229 SE2d 505). Under the circumstances here, the search was not unreasonable. *Hunter v. State,* 139 Ga. App. 676, supra; *Dean v. State,* 151 Ga. App. 847, 849 (261 SE2d 759); *Lillard v. State,* 156 Ga. App. 54, 55 (274 SE2d 96).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 23, 1983.

*Kenneth L. Gordon,* for appellant.
*Frank C. Winn, District Attorney, Jeffrey P. Richards, Assistant District Attorney,* for appellee.

*Judgment affirmed. Sognier and Pope, JJ., concur.*