**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 20, 2020**

# In the Court of Appeals of Georgia

A20A1490. THE STATE v. AWAD.

RICKMAN, Judge.

Based on limited stipulated facts, the trial court granted Omar Jamal Awad's motion to suppress evidence that he refused to submit to a urine test in this DUI case. The State appeals the trial court's order and argues that the trial court misapplied the relevant law. Because the trial court failed to follow controlling authority from the Supreme Court of Georgia, and because Awad's alternative argument lacks merit, we reverse.

The record shows that Awad was arrested and charged with driving under the influence of drugs (OCGA § 40-6-391 (a) (2)), improper stopping (OCGA § 40-6-203 (a) (1) (C)), and failure to wear a safety belt (OCGA § 40-8-76.1). Awad waived arraignment and pled not guilty. On the morning of trial, Awad moved to suppress

evidence of his refusal to submit to a urine test. No evidence was presented at the hearing. Rather, the parties agreed to stipulate that the officer read an implied consent warning[1] and, post arrest, requested that Awad submit to a urine test, which Awad refused.

At the hearing, Awad argued that allowing his refusal to perform the test to be introduced into evidence would constitute a violation of Ga. Const. of 1983, Art. I, § I, ¶ XVI ("Paragraph XVI"), which provides: "No person shall be compelled to give testimony tending in any manner to be self-incriminating." He also argued that evidence of his refusal is protected by the federal constitution.

At the conclusion of the hearing, the court announced that it was granting the motion to suppress on the sole ground that allowing the State to introduce evidence of Awad's refusal to submit to a urine test would violate the Georgia Constitution:

> I believe I've got to grant the defendant's motion to exclude evidence of the refusal of the defendant to produce any form of sample, whether it's blood, breath, or urine -- in this case, urine – under the theory that that would violate his privilege against self-incrimination that's guaranteed by the Georgia Constitution, not the Fourth Amendment of the United States Constitution.

---

[1] The parties did not stipulate to the actual words read to Awad. Instead the parties and the court speculated about the contents of the warning.

2

On appeal, the State contends that the trial court erred in granting Awad's motion to suppress evidence of his refusal under Georgia's implied consent law. We agree.

"[T]he trial court's application of the law to undisputed facts is subject to de novo review." (Citations and punctuation omitted.) *State v. Clay*, 339 Ga. App. 473, 473 (793 SE2d 636) (2016).

1. Two Georgia statutes allow the refusal to submit to a urine test as admissible evidence:

> In any criminal trial, the refusal of the defendant to permit a chemical analysis to be made of his blood, breath, urine, or other bodily substance at the time of his arrest shall be admissible in evidence against him.

OCGA § 40-6-392 (d); see also OCGA § 40-5-67.1 (b). Compare *Elliott v. State*, 305 Ga. 179, 223 (IV) (E) (824 SE2d 265) (2019) ("OCGA §§ 40-5-67.1 (b) and 40-6-392 (d) are unconstitutional to the extent that they allow a defendant's refusal to submit to a breath test to be admitted into evidence at a criminal trial."). Whether these statutes are unconstitutional with regard to urine tests is not before us. As held by the Supreme Court when transferring this case to this Court, "the trial court provided no express ruling on the constitutionality of OCGA §§ 40-5-67.1 (b) and 40-6-392 (d)."

3

Accordingly, the two statutes govern the admissibility of Awad's refusal to submit to a urine test.

Further, although the Georgia Constitution provides broader protection against self-incrimination than the federal constitution, the Supreme Court of Georgia has established that use of a suspect's urine sample does not violate the suspect's right against self-incrimination under Paragraph XVI. See *Green v. State*, 260 Ga. 625, 626 (2) (398 SE2d 360) (1990); see also *Robinson v. State*, 180 Ga. App. 43, 50-51 (3) (348 SE2d 662), reversed on other grounds by *Robinson v. State*, 256 Ga. 564 (350 SE2d 464) (1986) (holding that "procurement" of a suspect's urine did not violate his right because there was no evidence that he was forced to produce the urine sample). Because submitting to or using the results of a urine test does not implicate a person's right against compelled self-incrimination, Paragraph XVI does not preclude admission of evidence that a suspect refused to consent to a urine test.

The holding in *Green* was not impacted by two recent decisions of the Supreme Court of Georgia. See *Elliott*, 305 Ga. at 205 (III) (C) (i); *Olevik*, 302 Ga. at 244-245 (2) (c) (iii), n.10 (although stating that the court was not considering whether *Green* was rightly decided). And even though *Olevik* held that "submitting to a breath test implicates a person's right against compelled self-incrimination under the Georgia

4

Constitution," and that "Georgians do have a constitutional right to refuse to consent to warrantless blood tests, absent some other exception to the warrant requirement," see *Olevik*, 302 Ga. at 229, 233, the same court made clear that the holdings of *Olevik* and *Elliott* are limited to chemical tests of a driver's breath. See *Elliott*, 305 Ga. at 223 (IV) (E), n.30; *Olevik*, 302 Ga. at 232 (2) (a), n.2.; see also *Elliott*, 305 Ga. at 224 (Boggs, J., concurring). Thus, this Court is bound by the ruling in *Green*. See Ga. Const. of 1983, Art. VI, § VI, ¶ VI ("The decisions of the Supreme Court shall bind all other courts as precedents.").

Moreover, even if we were to attempt to apply *Olevik's* analysis — of whether compelling a suspect to submit to a breath test violated Paragraph XVI's right against self-incrimination — to this urine-test case, we could not proceed because, as the Supreme Court explained in *Olevik*, the analysis "depends on the details of the test." *Olevik*, 302 Ga. at 243 (2) (c) (iii). And here, no details were presented below regarding the proposed urine test.

Accordingly, the trial court erred by concluding that refusing to submit to a urine test was inadmissible under the theory that it would violate his privilege against self-incrimination under Paragraph XVI of the Georgia Constitution.

5

2. Awad contends that the trial court's order should be upheld as right for any reason[2] because allowing evidence of his refusal to submit to a urine test would violate his rights under the federal constitution. He argues that a urine test is a search under the Fourth Amendment and that using a refusal to submit to such a search as evidence of guilt would violate his right against self incrimination under the Fifth Amendment.

The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Urine tests are searches under the Fourth Amendment; therefore, they must be conducted in a constitutionally reasonable manner. See *Nat. Treasury Employees Union v. von Raab*, 489 U. S. 656, 665 (II) (109 SCt 1384, 103 LE2d 685) (1989). Without a warrant or an exception to the warrant requirement, such a search is unreasonable. *Riley v. California*, 573 U. S. 373, 381-382 (II) (134 SCt 2473, 189 LE2d 430) (2014). Exceptions to the rule include searches incident to arrest and searches based on exigent circumstances. See generally Id. at 382-383 (II), 388 (III) (A) (1).

---

[2] "A trial court's ruling on a motion to suppress will be upheld if it is right for any reason." *Burkes v. State*, 347 Ga. App. 790, 791 (1) (821 SE2d 33) (2018).

But the production of bodily fluid samples is not communicative or testimonial in nature and thus does not implicate a defendant's privilege against self-incrimination under the Fifth Amendment. See *Schmerber v. California*, 384 U. S. 757, 765 (II) (86 SCt. 1826, 16 LE2d 908) (1966) (holding that a DUI suspect's privilege against self-incrimination was not violated by the extraction of a blood sample without his consent); *Hearn v. Bd. of Public Ed.*, 191 F3d 1329, 1333 (II) (11th Cir. 1999) (the production of urine is not testimonial in nature for purposes of the Fifth Amendment). Accordingly, Awad's argument under the federal constitution provides no basis for affirming based on the right-for-any-reason rule.

We therefore reverse the trial court's grant of Awad's motion to suppress.

*Judgment reversed. Dillard, P. J., and Brown, J., concur.*