**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 25, 2026**

# In the Court of Appeals of Georgia

A25A1677. BUNN v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Jeffrey Bunn was convicted of two counts of aggravated child molestation, five counts of child molestation, and one count of attempted child molestation. Bunn appeals, challenging the sufficiency of the evidence; but the jury was authorized to find from the evidence that Bunn was guilty beyond a reasonable doubt of the charged offenses. Bunn also challenges the trial court's admission of certain evidence; but he has failed to show an abuse of discretion. Bunn further claims ineffective assistance of trial counsel; but he has failed to show that counsel's performance was both deficient and prejudicial. So we affirm.

1. *Sufficiency of the evidence*

Bunn enumerates that the evidence was insufficient to support his convictions. We disagree.

> On appeal from a criminal conviction, the defendant is no longer presumed innocent and all of the evidence is viewed in the light most favorable to the jury's verdict. In evaluating the sufficiency of the evidence, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt.

*Fossier v. State*, 362 Ga. App. 184, 185 (1) (867 SE2d 545) (2021) (citations and punctuation omitted).

So viewed, the evidence shows that Bunn molested his three minor stepdaughters by engaging in oral sex with one of them and touching her vagina with his penis and hand; forcing two of the children to touch his penis with their hands; and getting into bed with one of the girls, rubbing her chest and inner thighs, and asking her to show her vagina to him. Such evidence was legally sufficient to support Bunn's convictions. See OCGA § 16-6-4 (a) (1) (a person commits the offense of child molestation when he "[d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person"); OCGA § 16-6-4 (c) ("[a] person commits

2

the offense of aggravated child molestation when such person commits an offense of child molestation which act . . . involves an act of sodomy").

In claiming otherwise, Bunn has not identified any evidentiary deficiency as to the offenses of which he was convicted, and instead has merely cited evidence that purportedly supported his defense theory. "[B]ut the jury was not required to believe [such evidence] or accept [Bunn's] defense." *Browner v. State*, 296 Ga. 138, 141 (1) (765 SE2d 348) (2014). The resolution of "any questions about conflicting evidence, the credibility of witnesses, or the weight of the evidence [was left] to the discretion of the [jury as the] trier of fact." *Porter v. State*, 321 Ga. 644, 649 (2) (916 SE2d 424) (2025) (citation and punctuation omitted). Accord *Jackson v. State*, 377 Ga. App. 606, 608 (1) (923 SE2d 155) (2025) ("Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this [c]ourt.") (citation and punctuation omitted). Because "there [was] some competent evidence, even [if] contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld." *Atkins v. State*, 342 Ga. App. 849, 851 (1) (805 SE2d 612) (2017) (citations and punctuation omitted).

2. *Evidence of stepdaughter pornography*

Bunn contends that the trial court erred in allowing the state to introduce evidence of pornography involving stepfathers and stepdaughters that was found on his cellular telephone because it was not relevant under OCGA § 24-4-401 ("Rule 401") and was unduly prejudicial under OCGA § 24-4-403 ("Rule 403"). The contention is without merit.

Rule 401 provides that "'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 403 provides that "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

With regard to relevance under Rule 401, the pornography evidence "[d]emonstrating a prurient interest in [stepdaughters] would support a finding that [Bunn's conduct was] intended . . . for the purpose of sexual gratification, which is an element of child molestation. [Bunn] denied any sexual intent [toward his stepdaughters], so evidence tending to prove that fact would be relevant." *Holzheuser*

4

*v. State*, 351 Ga. App. 286, 290-291 (1) (a) (ii) (828 SE2d 664) (2019) (involving evidence of websites viewed on defendant's phone featuring images of girls in underwear or lingerie) (citation omitted). See also *Brantley v. State*, 370 Ga. App. 757, 762 (1) (a) (899 SE2d 284) (2024) (jury could infer defendant's sexual intent toward his niece from evidence of internet searches for content relating to sexual encounters between uncles and nieces).

Moreover, given that one of the victims testified that Bunn would force her to watch pornographic videos on his phone of sexual acts like those he was doing to her, evidence of such videos was "admissible as intrinsic evidence [of] (1) an uncharged offense arising from the same transaction or series of transactions as the charged offense; (2) necessary to complete the story of the crime; or (3) inextricably intertwined with the evidence regarding the charged offense." *Vaughn v. State*, 352 Ga. App. 32, 35 (1) (833 SE2d 723) (2019) (citation and punctuation omitted).

As for the exclusion of such relevant evidence under Rule 403, we have explained:

> The primary function of Rule 403 . . . is to exclude evidence of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect. On appeal, the trial court's rulings on the exclusion or admission of evidence are reviewed for a clear abuse of discretion.

Moreover, the exclusion of relevant evidence under Rule 403 is an extraordinary remedy that should be used only sparingly.

*Hines v. State*, 353 Ga. App. 710, 713-714 (2) (839 SE2d 208) (2020) (citations and punctuation omitted).

Bunn has made no showing that the evidence in question was of scant or cumulative probative force that was introduced merely for prejudicial effect. Rather, he simply makes the conclusory claim that it was unduly prejudicial. Under these circumstances, we find no abuse of discretion since "the trial court was authorized to find that evidence of the pornographic [content] found [on Bunn's phone] was relevant and probative under Rule 401, and that the probative value of the pornography was not substantially outweighed by the danger of unfair prejudice under Rule 403." *Rider v. State*, 366 Ga. App. 260, 269 (3) (b) (883 SE2d 374) (2022) (footnote omitted).

3. *Denial of motion to suppress*

Bunn contends that the trial court erred in denying his motion to suppress evidence of two letters found on his computer, arguing that law enforcement had obtained an unlawful search warrant for his private papers. But as asserted by the state and as found by the trial court at the suppression hearing, a private citizen, to whom

Bunn had given access to the computer, found the letters on the computer and notified law enforcement officers, who then obtained the search warrant for the same letters, which the court found to be sufficient.

> It is well established . . . that no illegal search and seizure occurs when a private citizen independently discovers contraband or other evidence of illegal conduct and then brings it to the attention of law enforcement. Indeed, the protection afforded by the Fourth Amendment proscribes only governmental action and is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the government or with the participation of a government official.

*DeGeorgis v. State*, 339 Ga. App. 25, 28 (1) (793 SE2d 101) (2016) (citations and punctuation omitted).

Construed in the light most favorable to the trial court's judgment, testimony introduced at the suppression hearing, which the court found to be credible, supported the court's findings that the letters were found by a private citizen and then brought to the attention of law enforcement. See *Burkes v. State*, 347 Ga. App. 790, 791 (1) (821 SE2d 33) (2018) (on a motion to suppress, the trial judge sits as the trier of fact and its findings, which are analogous to a jury verdict, will not be disturbed by a reviewing court if there is any evidence to support them). The office manager for Bunn's business testified that Bunn had given her unlimited access to the computer,

which was used for the business; that while at work she found the letters on the computer, one written to her and one written to Bunn's wife; that she showed the letters on the computer to other employees; that she printed out the letters; that she and the other employees decided that the best thing to do was to turn the letters over to law enforcement; that she contacted the sheriff's department to report her discovery and turn the computer over to them; that she gave Bunn's wife a copy of the letter written to her; and that she also showed the printed letters to Bunn's attorney at the time.

"A trial court's ruling on a motion to suppress will be upheld if it is right for any reason." *Burkes*, supra. Accord *State v. Domenge-Delhoyo*, 338 Ga. App. 439, 447-48 (2) (790 SE2d 139) (2016) ("this court can affirm the grant of a motion to suppress if it is right for any reason raised below"). Indeed, "even if the trial court's asserted ground for denying a motion to suppress is erroneous, we will affirm the ruling if it is right for any reason." *Lewis v. State*, 317 Ga. App. 391, 394 (730 SE2d 757) (2012) (citation and punctuation omitted).

Pretermitting the trial court's ruling on the search warrant, the court's denial of the motion to suppress was right for the alternative reason that no illegal search and

seizure of the letters occurred when they were independently discovered by a private citizen who then notified law enforcement. *DeGeorgis*, supra. Thus, evidence of the independently discovered letters was admissible regardless of the subsequent search warrant by which officers simply verified the same letters. See *Hobbs v. State*, 272 Ga. App. 148, 150 (1) (611 SE2d 775) (2005) (discovery of evidence by a private citizen and the subsequent verification of such evidence by investigators does not violate the Fourth Amendment). Accordingly, "we affirm the trial court's denial of the motion to suppress on that alternative ground[.]" *Thammasack v. State*, 323 Ga. App. 715, 719 (747 SE2d 877) (2013).

4. *Ineffective assistance of counsel*

"To succeed on a claim of ineffective assistance of counsel, [Bunn] must show both that his counsel's performance was deficient and that such deficiency prejudiced his defense." *Huber v. State*, 319 Ga. 78, 84 (2) (901 SE2d 149) (2024). If he "fails to make a sufficient showing on either the deficiency or the prejudice prong, we need not address the other prong." Id. Bunn has failed to show that his trial counsel's performance was both deficient and prejudicial.

(a) *Closing argument*

Bunn claims that his trial counsel was ineffective for making a closing argument that the state did not have to call the victims as witnesses and only did so for dramatic effect. But he has failed to show that he was prejudiced by the argument.

Bunn contends that he was prejudiced because counsel lost credibility with the jury when the court corrected her argument as inaccurate under the child hearsay statute, OCGA § 24-8-820 (a). But the court made no such correction in front of the jury. Rather, the transcript shows that when the state objected to the argument, the court did not sustain the objection or otherwise admonish counsel in front of the jury, and instead simply said that it would instruct the jury on the law, after which counsel was allowed to continue the argument without further objection. The court subsequently included the child hearsay statute in its final jury charge, but the court did not mention counsel's closing argument and certainly did not inform the jury that it was correcting counsel. Instead, the court simply read the statutory language as part of its charges on the different types of admissible evidence.[1]

[1]OCGA § 24-8-820 (a) provides: "A statement made by a child younger than 16 years of age describing any act of sexual contact or physical abuse performed with or on such child by another or with or on another in the presence of such child shall be admissible in evidence by the testimony of the person to whom made if the proponent of such statement provides notice to the adverse party prior to trial of the intention to use such out-of-court statement and such child testifies at the trial, unless

Bunn also claims that he was prejudiced because the state, during its closing argument, "called out" counsel for lying. But in the closing argument cited by Bunn, the state did not accuse trial counsel of lying. Rather, the state merely argued that it was not at fault for the victims being upset when they testified, and that such "raw emotion from damaged girls" was instead Bunn's fault for sexually violating them.

"To satisfy the prejudice prong [of an ineffective assistance claim], a defendant must establish a reasonable probability that, in the absence of counsel's deficient performance, the result of the trial would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Vick v. State*, 376 Ga. App. 716, 726 (6) (920 SE2d 733) (2025) (citation and punctuation omitted). Bunn has failed to establish a reasonable probability that, absent counsel's closing argument, the result of the trial would have been different.

(b) *Jury charge*

Bunn argues that counsel was ineffective in failing to object to the court's jury charge on OCGA § 24-8-820 (a). But as recounted above, the court simply read the

the adverse party forfeits or waives such child's testimony as provided in this title, and, at the time of the testimony regarding the out-of-court statements, the person to whom the child made such statement is subject to cross-examination regarding the out-of-court statements."

statutory language, and Bunn has shown nothing incorrect in the charge. "Since the jury charge at issue was a correct statement of the law, the failure to object to it does not demonstrate ineffective assistance of counsel." *Goldey v. State*, 289 Ga. App. 198, 201 (2) (d) (656 SE2d 549) (2008). Accord *Harris v. State*, 258 Ga. App. 669, 672 (2) (574 SE2d 871) (2002) (counsel's failure to object to a jury charge establishes no lack of effectiveness absent some deficiency or impropriety in the charge).

(c) *Motion for mistrial after counsel's closing*

Bunn claims that his trial counsel was ineffective in failing to move for a mistrial at the end of her own closing argument. The claim appears to be premised on the court subsequently giving the jury charge on OCGA § 24-8-820 (a), which did not occur until the final jury instructions. So it is not clear how counsel would have moved for a mistrial at the end of her own closing based on a jury charge that had not yet occurred.

> To satisfy the deficiency prong [of his ineffectiveness claim, Bunn] must demonstrate that his counsel performed at trial in an objectively unreasonable way considering all the circumstances and in the light of prevailing professional norms. In doing so, [he] must overcome a strong presumption that trial counsel's performance was reasonable and that counsel's decisions and choices at trial fell within the broad range of professional conduct as assessed from counsel's perspective at the time of trial and under the specific circumstances of the case.

12

*Huber*, supra (citations and punctuation omitted). Bunn has failed to show that his counsel performed in an objectively unreasonable way by failing to move for a mistrial at the end of her own closing argument.

(d) *Closing courtroom*

Bunn claims that counsel was ineffective in failing to object when the court closed the courtroom for the testimony of one of the minor victims. "[A] showing of actual prejudice is required to establish a claim of ineffective assistance of counsel arising from the failure to object to a courtroom closure[.]" *Alexander v. State*, 313 Ga. 521, 522 (870 SE2d 729) (2022). Bunn contends that he was prejudiced by the court appearing to show bias in favor of the state because its personnel were allowed to remain in the courtroom during the child's testimony. But Bunn has not identified any such state personnel or cited any pertinent evidence supporting his contention.

Bunn cites the page of the trial transcript where the judge "ask[ed] everyone to step out" before the child's testimony. But the transcript does not show who remained in the courtroom other than Bunn and the attorneys for both sides, who questioned the child. Bunn also cites a page of the motion for new trial hearing at which his trial counsel testified that he had family present for the trial. But the cited

testimony did not concern any state personnel or identify who remained in the courtroom during the child's testimony.

Under these circumstances, Bunn "has not carried his burden of showing a reasonable probability that the outcome of his trial would have been different but for his counsel's failure to object to the closure of the courtroom during the [minor child's] trial testimony." *Alexander*, supra at 532 (5). His unsupported claim of an appearance of bias by the trial court is mere "speculation [that] is insufficient to establish prejudice in a claim of ineffective assistance of counsel." Id. at 533 (5).

(e) *Future dangerousness*

Bunn contends that counsel was ineffective in failing to move for a mistrial when the prosecutor made improper statements about his future dangerousness during closing argument. Bunn first points to the prosecutor offhandedly calling him a "weirdo" and a "dangerous pedophile" in the midst of discussing evidence which showed that Bunn had engaged in a sexual relationship with one of the minor victims, had talked about her as if she were a grown woman, had referred to the child as "an old soul" whom he thought had "been on this earth at another life," had said that "love has no age," and had denied being a predator of young girls.

14

While we do not condone such name-calling and characterizations of a defendant by a prosecutor,

> an objection on future dangerousness grounds [would not] have succeeded because the prosecutor's argument was not an improper future dangerousness argument. A prosecutor argues future dangerousness when the prosecutor asserts there will be more victims if the defendant is not found guilty, or the community or witnesses will be endangered if the defendant is not found guilty. The prosecutor's [offhand] statement[s] here [were] not that kind of argument. . . . Therefore, counsel was not deficient for failing to object on these grounds.

*Smith v. State*, ____ Ga. ____ (4) (a) (Case No. S25A1055, decided January 5, 2026) (citation and punctuation omitted). Compare *Fulton v. State*, 278 Ga. 58, 65 (8) (597 SE2d 396) (2004) (finding improper future dangerousness argument where prosecutor argued that the appellant was a cancer who needed to be excised to protect the community "since there were no walls around appellant's neighborhood that would prevent something like this from happening in [the jury's] communities") (punctuation omitted).

Bunn also points to the prosecutor saying during closing argument that if Bunn "wasn't under arrest, probably the same charges against [one of the victims] would include" another one of the victims whom he had just "started out with . . ., getting

15

her to touch his penis in the shower and in bed." Even if a future dangerousness objection to that argument might have been appropriate, Bunn has made no showing that he was prejudiced by the lack of an objection, making only the conclusory claim that prejudice is "reached" because of the "pervasiveness of the argument." But Bunn has not demonstrated any pervasiveness of future dangerousness arguments in the state's closing, identifying only this lone instance of a possibly objectionable statement. So trial counsel's alleged "deficient performance does not constitute ineffective assistance of counsel since [Bunn] did not establish that the failure to object was so prejudicial to his defense that, but for the deficiency, there was a reasonable probability that the outcome of the trial would have been different." *Fulton*, supra (citation and punctuation omitted).

(f) *Victim impact*

Bunn claims counsel was ineffective for failing to move for a mistrial when the state introduced victim impact evidence. We disagree.

> Under Georgia law, evidence about a crime victim's personal characteristics and the emotional impact of the crime on the victim, the victim's family, and the victim's community generally is not admissible in the guilt/innocence phase of a criminal trial. However, nothing prohibits testimony from witnesses about a victim's demeanor during the time of the alleged acts of molestation. Indeed, negative changes in mood

16

and behavior around the time of the abuse can support a conviction for child molestation.

*Waller v. State*, 368 Ga. App. 378, 381 (2) (890 SE2d 142) (2023) (citations and punctuation omitted).

The testimony cited by Bunn concerned such changes in mood and behavior of the victims around the time of the sexual abuse, including the children changing from being bubbly and outgoing to standoffish, trying to avoid going home from school, and becoming wary around men. Such testimony "about the negative change in behavior as a reaction to the abuse supported the charges of child molestation and [was] thus admissible. Failure [of counsel] to make a meritless objection cannot support a claim of ineffective assistance." *Waller*, supra (citations and punctuation omitted).

(g) *Failure to file a a special demurrer to Count 4*

Bunn contends that trial counsel was ineffective in failing to file a special demurrer to Count 4 of the indictment on the ground that it did not allege a specific date, and instead alleged that an act of child molestation occurred between August 9, 2019 and November 29, 2019, the exact date being unknown. The contention is without merit.

17

Since a defendant can be re-indicted after the grant of a special demurrer, a failure to file such a demurrer generally will not support a finding of ineffective assistance of counsel. To succeed on his ineffective assistance claim, [Bunn] was required to show that his trial counsel's failure to specially demur materially impacted his ability to present a defense, thereby creating a reasonable probability that counsel's deficiency changed the outcome of the case.

*Chalk v. State*, 318 Ga. App. 45, 46-47 (1) (a) (733 SE2d 351) (2012) (citations and punctuation omitted). Bunn has made no attempt to show, or even argue, that the lack of a special demurrer impacted his ability to present a defense. So this claim does not support a finding of ineffective assistance of counsel.

Bunn further argues that counsel was ineffective in failing to object to the prosecutor's closing argument that the 2019 date range in Count 4 was a typographical error and should have been 2018,[2] but that Bunn could still be found guilty of that offense if it was proved to have occurred within the statute of limitation. Bunn mischaracterizes the closing argument as the state and the court somehow editing the indictment. But the state never asserted that the date range alleged had been changed, and instead simply acknowledged its own mistake while arguing that despite the error it could still prove that the offense occurred within the statute of limitation. And the

_____

[2]All the other counts of the indictment alleged a 2018 date range.

court never charged the jury that there was a mistake in Count 4; rather, as Bunn concedes in his brief, the court charged the jury on the 2019 date range as alleged in Count 4. Moreover, Bunn has cited no legal authority supporting this argument and has ignored the longstanding principle "that a date or range of dates alleged in an indictment, without more, is not a material allegation of the indictment, and, consequently, unless the indictment specifically states that the alleged dates are material, the [s]tate may prove that the alleged crime was committed on any date within the statute of limitations." *Nix v. State*, 354 Ga. App. 47, 56 (6) (839 SE2d 687) (2020). Here, "the date [range] alleged [in Count 4] was not a material element to be proven with specificity by the [s]tate." *Chalk*, supra at 47 (1) (a). So as the prosecutor correctly argued and as the court correctly charged the jury, the state could prove that the alleged crime was committed on any date within the statute of limitation. Bunn has thus failed to show ineffective assistance of counsel.

(h) *Investigator's testimony*

Bunn claims trial counsel was ineffective in failing to move for a mistrial after a sheriff's investigator testified that she took out arrest warrants for Bunn because she "felt he was guilty of these charges." But the transcript reveals that trial counsel

19

immediately objected to the testimony and that the judge sustained the objection, struck the testimony from the record, instructed the jurors that they could not consider it,[3] and admonished the witness. In denying Bunn's motion for a new trial on this ground, the trial court ruled that it was highly unlikely a mistrial would have been granted. So "[c]ounsel's failure to request a mistrial based on the investigator's remark does not constitute ineffective assistance, because it affirmatively appears from the record that the trial court in its discretion would have denied the request. Failure to pursue a futile motion does not constitute ineffective assistance." *Head v. State*, 288 Ga. App. 205, 208 (2) (653 SE2d 540) (2007) (citations and punctuation omitted). See also *Hartsfield v. State*, 294 Ga. 883, 887 (3) (a) (757 SE2d 90) (2014) (defendant not denied effective assistance of counsel when "there is not a reasonable probability that [making a] motion for a mistrial after the curative instruction would have changed the outcome of the trial").

(i) *Cumulative prejudice*

Although not argued by Bunn, we must consider whether he is entitled to a new trial based on cumulative prejudice. See *Woods v. State*, 312 Ga. 405, 411 (3) (a) (862

---

[3]Bunn incorrectly states in his brief that the court did not instruct the jury to disregard the testimony.

SE2d 526) (2021) (it is the prejudice arising from counsel's errors that is constitutionally relevant, not each individual error considered in a vacuum). Here, "the cumulative prejudice from any assumed deficiencies discussed [above] is insufficient to show a reasonable probability that the results of the proceeding would have been different in the absence of the alleged deficiencies." *Bates v. State*, 313 Ga. 57, 69 (3) (867 SE2d 140) (2022).

5. *Trial court*

Bunn enumerates that the trial court caused his trial counsel's ineffectiveness by trying the case into the night after counsel had informed the court that she was suffering the effects of multiple sclerosis ("MS"). But as discussed above, Bunn has not shown that his trial counsel was ineffective. So this enumeration of error is likewise without merit.

Moreover, the record shows that counsel did not inform the court about her MS or that she was feeling fatigued until the end of the second day of trial, at which point the judge told counsel to inform him sooner of how she was feeling so he could accommodate her and he then adjourned for the day.[4] The next morning, the court

---

[4]Bunn erroneously recites in his appellate brief that trial counsel told the court, "I know I mentioned that to you the other day." But counsel made no such statement,

21

informed counsel of the planned schedule for the day and again instructed her "to keep [him] up to date on how [she was] feeling." Counsel did not object to the planned schedule and Bunn has not identified any point during the remaining two days of the trial when she requested a recess, continuance, or other accommodation from the court. Indeed, Bunn concedes in his brief that counsel did not request any such continuance. Even trial counsel herself, testifying at the motion for new trial hearing, conceded that she was not claiming that the judge had caused her to be ineffective.

This is a court of review "for the correction of errors of law made by the trial courts. . . . [A]n error of law is a false or mistaken conception or application of the law. An error of law has as its basis a specific ruling made by the trial court." *In re Declaration of Judicial Emergency*, 358 Ga. App. 48, 53 (1) (853 SE2d 366) (2020) (citations and punctuation omitted). Bunn has not identified any specific ruling by the trial court for us to review. As "a court for the correction of [legal] errors, [we do] not consider matters which were not raised and ruled on by the trial court." Id. (citation and punctuation omitted). So even if Bunn had shown ineffective assistance of counsel, this enumeration identifying no specific ruling by the court would provide

and instead the purported quote is an inaccurate reference to a statement made by the judge recounting that months earlier counsel had mentioned having a migraine.

22

nothing for our consideration. See *Williams v. State*, 277 Ga. App. 106, 108 (2) (625 SE2d 509) (2005) ("We are a court for the correction of errors of law committed by the trial court where proper exception is taken, and we will not consider issues and grounds for objection . . . which were not raised and determined in the trial court.").

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*